UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60645-BLOOM

ALRICK BROWN,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Alrick Brown's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1]. Petitioner challenges the constitutionality of his state conviction and sentence for first-degree murder in Florida's Seventeenth Judicial Circuit for Broward County. *See generally id*.

Respondent filed a Response, ECF No. [8], and an Appendix to Response, ECF No. [9], with attached Exhibits 1–19, ECF No. [9-1], as well as a Notice of Filing Transcripts, ECF No. [10], with attached transcripts, ECF Nos. [10-1]–[10-2]. Petitioner thereafter filed a Reply, ECF No. [11]. The Court has carefully considered the Petition, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is denied.

Case No. 22-cv-60645-BLOOM

## I. BACKGROUND

On February 19, 2014, Petitioner was charged by Indictment with one count of first-degree murder. *See* ECF No. [9-1] at 8–9.[1] The victim was Petitioner's wife, Dacota Stewart-Dick. *See id.* at 11. Petitioner moved to dismiss the charge under Florida's "Stand Your Ground" Act, *see id.* at 11–15, but later withdrew the motion and proceeded to trial. *See id.* at 17. On September 26, 2016, a jury convicted Petitioner as charged in the Indictment. *See id.* at 48–49. Petitioner was sentenced to life in prison. *See id.* at 51–54.

Petitioner appealed, alleging (1) the State failed to refute that Petitioner acted in self-defense; (2) the trial court erred in denying the motion for judgment of acquittal on grounds the State failed to prove premeditation; and (3) the trial court erred in denying a motion to redact medical records. *See id.* at 56–98. The Fourth District Court of Appeal affirmed without a written opinion on February 1, 2018. *See Brown v. State*, 238 So. 3d 798 (Fla. 4th DCA 2018).

On October 5, 2018, Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. *See id.* at 149–64. Petitioner alleged six grounds for relief, asserting trial counsel was ineffective for (1) failing to move to suppress evidence seized before law enforcement obtained a warrant; (2) failing to call a defense DNA expert; (3) failing to object to the State's DNA expert; (4) misadvising Petitioner not to testify at trial; (5) failing to object to an erroneous excusable homicide instruction; and (6) failing to move to suppress evidence on grounds of tampering. *See id.* The trial court denied the motion, Petitioner appealed, and the Fourth District Court of Appeal affirmed without a written opinion. *See Brown v. State,* 326 So. 3d 1107 (Fla. 4th DCA 2021).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Petitioner filed the instant Petition on March 16, 2022.[2]

## II.     LEGAL STANDARD

### A.     Deference Under § 2254

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). Deferential review under § 2254(d) is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

**B.     Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant

4

decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III.   DISCUSSION

#### A.   Timeliness

Respondent concedes, and the Court confirms, that the Petition was timely filed. *See* ECF No. [8] at 4.

#### B.   Exhaustion/Procedural Default

Respondent asserts that Grounds Five and Six are procedurally defaulted. *See id.* at 5. The Court, however, has the authority to "skip over the procedural default analysis" for a state prisoner's federal claim if it is easier to deny those claims on the merits. *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Here, it is easier to deny Grounds Five and Six on the merits and so the Court will "skip over the procedural default analysis." *Dallas*, 964 F.3d at 1307.

#### C.   Ground One

Petitioner argues that the State failed to produce sufficient evidence to rebut his claim of self-defense. *See* ECF No. [1] at 3. Petitioner explains that he "willingly gave a sworn statement to law enforcement." *Id*. The statement — in which he told law enforcement that his wife stabbed him twice, so he stabbed her three or four times in self-defense — was introduced at trial. *See id*.

6

Petitioner asserts that the State failed to "rebut Petitioner's defense of self defense. The trial court therefore erred in denying Petitioner's motion for judgment of acquittal." *Id*.

As stated, Petitioner raised this issue on direct appeal and the Fourth District affirmed. Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). The jury could have found Petitioner's assertion of self-defense in his statement to law enforcement not credible in light of the other evidence presented at trial. For example, when asked by a detective how many times he stabbed Ms. Stewart, Petitioner stated: "I don't know. Probably three or four. I'm not sure." ECF No. [10-2] at 597:23–24. However, the medical examiner testified that Ms. Stewart suffered "27 stab wounds," and photos of the injuries were published to the jury. *Id*. at 369:7. Moreover, Petitioner admitted to taping Ms. Stewart's hands together during the altercation, *see id*. at 599:24–25, 600:1–2, yet Ms. Stewart was found dead with a knife clenched in her right hand, *see id*. at 299:17-24, indicating that Petitioner staged the scene. The jury also heard that Ms. Stewart suffered numerous "defensive wounds, wounds found on the hands, on the arms and legs, but it's called defensive wounds, usually trying to protect more vital organs like the chest, abdomen, and head." *Id*. at 375:9–12. Additionally, one of the stab wounds was on Ms. Stewart's back. *See id*. at 375:19–23. This evidence was inconsistent with Petitioner's claim of self-defense. Based on the inconsistencies between Petitioner's statement to law enforcement and the physical evidence, a rational trier of fact could reasonably infer that Petitioner did not act in self-defense. Thus, Ground One is denied.

**D.     Ground Two**

Petitioner asserts that the trial court erred in denying his judgment of acquittal because there was "zero evidence that Petitioner had a premeditated intent to kill his wife." ECF No. [1] at 5. "Premeditation is a fully formed conscious purpose to kill that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act he

is about to commit and the probable result of that act." *Asay v. State*, 580 So. 2d 610, 612 (Fla. 1991) (citations omitted). The record demonstrates there was sufficient evidence of Petitioner's premeditation to create a jury question.

First, Petitioner's own version of events was not that he stabbed Ms. Stewart because he was in danger, but because she was "the one who stabbed me first. I'm stabbing you back." ECF No. [10-2] at 597:16–17. Petitioner further admitted to his jealously — that he saw Ms. Stewart kissing another man the day before and believed she "must be making love with the guy[.]" *Id.* at 598:16–19. Moreover, a witness testified that, prior to the murder, Petitioner told her that if he got $100,000 he could go home to Jamaica and do business and that if his wife died he could get $100,000. *See id.* at 350:7–24. The Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Thus, Ground Two is denied.

### E.     Ground Three

Petitioner argues that "trial counsel was ineffective for advising Petitioner not to testify at trial." ECF No. [1] at 6. Petitioner made this argument in his postconviction motion, asserting that "[n]o competent attorney would deny his client the right to testify and tell his side of the story in a first degree murder case when his theory of defense is self-defense." *Id*. Petitioner maintained "his proposed testimony was the only evidence establishing a legally-recognized defense to his charges." *Id.*

Petitioner is incorrect. His statements to law enforcement laid a sufficient foundation for the defense to argue justifiable use of deadly force. *See Sipple v. State*, 972 So. 2d 912, 916 (Fla. 5th DCA 2007) ("In order to establish a prima facie case of self-defense, the defendant does not have to testify at trial; his or her statement to the police admitted into evidence may be sufficient.") (citations omitted). In closing argument, trial counsel argued that based on these statements Petitioner acted in self-defense. *See* ECF No. [10-2] at 718–20. Petitioner fails to explain what

additional information he would have testified to that would have benefited his defense. Moreover, Petitioner would have opened the door for impeachment if he testified inconsistent with his statements to law enforcement. *See Cain v. Sec'y, Fla. Dep't of Corr.*, 266 F. App'x 854, 857 (11th Cir. 2008) ("[W]hereas Cain's personal presentation of this story to the jury, as opposed to defense counsel's, would have been 'unique and inherently significant,' it would also have opened the door for the impeachment with inconsistent pre-trial statements.").

The Court additionally notes that Petitioner has not alleged his counsel refused to accept his decision to testify or never informed him of his right to testify. *See Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999). Consequently, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Petitioner fails to establish deficient performance under *Strickland*, 466 U.S. at 687–88. Ground Three is thus denied.

### F. Ground Four

Petitioner asserts his counsel rendered ineffective assistance by failing to object to part of the jury instruction on excusable homicide. *See* ECF No. [1] at 8. He refers to part three of the instruction which states that the killing of a human being is excusable: "When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner." *Id*. Petitioner argues this instruction "negated his sole defense of self-defense" because it suggests that a homicide can never be excusable when a dangerous weapon is used. *Id.*

Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). As explained in Ground Two, the State presented sufficient evidence for a jury to find that Petitioner acted with premeditated intent and that the killing was not by accident and misfortune in the heat of passion. As such, there is no reasonable probability that "the result of the proceeding would have been different" had the jury

instruction been omitted. *Strickland*, 466 U.S. at 694. Petitioner therefore fails to establish prejudice under *Strickland*. *See id.* Ground Four is thus denied.

### G. Ground Five

Petitioner asserts his counsel was ineffective for abandoning his "Stand Your Ground" motion. ECF No. [1] at 9. Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

In *Cruz v. State*, 189 So. 3d 822, 828 (Fla. 4th DCA 2015), the court held that because the Florida Stand Your Ground Act does not establish a constitutional right, a defendant's testimony at a pretrial immunity hearing can be introduced as substantive evidence by the State at a later trial. Based on *Cruz*, and the potential prejudice Petitioner would face if his testimony were used at a later trial, his counsel decided to withdraw the Stand Your Ground motion. *See* ECF No. [10-1] at 3–13. The Court finds that counsel's decision was a strategic one "made after thorough investigation of the law and facts." *Strickland*, 466 U.S. at 690. Such strategic decisions are "virtually unchallengeable," and the Court thus concludes that counsel did not render deficient performance. *Id*. Accordingly, Ground Five is denied.

### H. Ground Six

Petitioner asserts "the cumulative impact of trial counsel's multiple errors" deprived him of a fair trial. ECF No. [1] at 11. As explained, Petitioner fails to establish error and his ineffective assistance claims are denied. Therefore, there is no cumulative error and Ground Six is denied.

### IV. EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550

U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record before the Court. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

## V.  CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, the Court denies a certificate of appealability on all grounds.

## VI.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Alrick Brown's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 31, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Alrick Brown
I52026
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE